**Arvindbhai Shankerbhai CHAUHAM, also known as Patel Virendrakumar Maganbhai, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77000.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Arvindbhai Shankerbhai Chauham, Tacoma, WA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

### MEMORANDUM **

Arvindbhai Shankerbhai Chauham, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *see INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provid-

Substantial evidence supports the IJ's conclusion that Chauham has not established eligibility for asylum. The unfulfilled threats he received from his ex-girlfriend's family do not rise to the level of past persecution. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 n. 6 (9th Cir.2003) ("unspecified threats" received by Mexican national not "sufficiently menacing to constitute past persecution"). The IJ also correctly held that Chauham does not have an objectively reasonable fear of future persecution because he has severed ties with his ex-girlfriend and he was able to live and work in other parts of India. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir.2003) (noting that an applicant's relocation prior to departure without incident is highly relevant in determining whether an applicant qualifies for asylum).

We need not decide whether the IJ disbelieved various aspects of Chauham's testimony because, even accepting it as credible, he has not demonstrated that a reasonable factfinder would be compelled to reach a contrary result on the merits. *See Lata v. INS*, 204 F.3d 1241, 1244–45 (9th Cir.2000).

Because Chauham did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the IJ's denial of CAT protection because Chauham did not establish that it is more likely than not that he will be tortured if returned to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

ed by 9th Cir. R. 36–3.

Finally, this court lacks jurisdiction over Chauham's claim that he was denied due process by having a biased Muslim translator at his hearing because he failed to exhaust his administrative remedies. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 780 (9th Cir.2001) (dismissing the petitioner's colorable due process claim alleging a biased IJ because she failed to raise the issue below).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.